# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TOLE MOXLEY,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:07-cv-01123-RLH-GWF

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court following upon petitioner's response (#40) to the Court's show cause order (#39) as well as upon respondents' response (#41) thereto. The show cause order was directed to multiple issues, including whether certain claims in the amended federal petition relate back to the original petition.

## *Background*

Petitioner John Tole Moxley seeks to set aside his Nevada state conviction, pursuant to a jury verdict, of possession of a stolen vehicle and his adjudication as a habitual criminal.

The judgment of conviction was filed on August 27, 2004, and the conviction was affirmed on direct appeal by an order filed on June 29, 2005.[1] The time for filing a *certiorari* petition expired ninety days later on September 27, 2005.

---

[1] #35, Exhs. 35 & 40.

At some point between August 19, 2005, and October 4, 2005, Moxley filed a *pro se* motion for a new trial in the state district court on the basis of alleged newly discovered evidence. This Court has assumed, *arguendo*, that the motion was filed prior to the expiration of the time period for filing a *certiorari* petition seeking review of the state supreme court's affirmance on direct appeal. The state district court denied the motion on October 27, 2005. The Supreme Court of Nevada affirmed on appeal in an order filed on May 19, 2006, with the remittitur issuing on June 13, 2006.[2]

The Court has assumed, *arguendo*, that the one-year federal limitation period was statutorily tolled from prior to the expiration of the *certiorari* period through the issuance of the remittitur on June 13, 2006, by the attack on the conviction via the motion for new trial.

On or about July 26, 2006, petitioner mailed a state post-conviction petition to the state court clerk for filing. The state district court denied relief, and the state supreme court affirmed on the post-conviction appeal. The remittitur issued on August 28, 2007.[3]

In the meantime, petitioner mailed his *pro se* original federal petition to the Clerk for filing on or about August 14, 2007, prior to the issuance of the above-referenced remittitur.[4]

The counseled amended petition was filed on August 18, 2009.

It thus appears that the original federal petition was filed within the federal limitation period but that the amended petition was filed after the expiration of the limitation period.

The show cause order directed petitioner to address issues of exhaustion, timeliness and relation back, and/or procedural default as to a number of claims in the amended petition.

/ / / /

---

[2] See ##35 & 37, Exhs. 46, 49, 72 & 73. The state court record materials filed in this Court are neither complete nor clear in this regard. The *pro se* motion was not included therein. The State filed an opposition to the motion on October 4, 2005. See #35, Ex. 46. Petitioner refers in the response in this Court to a motion for new trial filed by defense counsel prior to entry of judgment that was denied prior to entry of judgment. See #34, Exhs. 28 & 31. However, the *pro se* motion discussed in the text is a different motion that was filed subsequent to the August 19, 2005, issuance of the remittitur following the affirmance on direct appeal. See #37, Ex. 72, at 1.

[3] #36, Ex. 50, Part 2, at electronic docketing page 105; *id.*, Exhs. 54-60.

[4] #1-9, at electronic docketing page 14.

***Discussion***

***Ground 1(B)***

Ground 1(B) does not relate back a timely claim in the original petition.

In Ground 1(B), petitioner alleges that the evidence was insufficient to support the conviction because there was insufficient evidence to prove the required interference with the vehicle owner's possession. This claim is based upon the factual premise that the evidence was insufficient because the State's witness, Amir Lagstein, did not testify that he had received permission from his mother, the apparent registered vehicle owner, to possess the vehicle. Petitioner contends that there therefore was insufficient evidence to sustain the conviction because proof of interference only with Lagstein's possession allegedly was not sufficient to establish interference with the mother's possession as owner.[5]

In original Ground 23, which is in whole or in part carried forward in amended Ground 1(A), petitioner instead alleged that the evidence was insufficient for lack of sufficient evidence that Moxley knew or had reason to know that the vehicle was stolen. Petitioner alleged that Melissa Bifulco's testimony regarding his interaction with the vehicle at a friend's residence subsequent to the theft was insufficient to establish knowledge by Moxley that the vehicle at the friend's residence was stolen. According to the original petition, Moxley was seen removing the license plates from the car, unloading contents from the vehicle, and moving the vehicle into the back yard allegedly in preparation for washing the vehicle.[6]

Under *Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64, 125 S.Ct. at 2570-75. Rather, under the construction of the rule approved in *Mayle*, Federal Rule of Civil Procedure 15(c)(2) permits relation back of habeas claims asserted in an amended petition "only when the claims

---

[5] See #33, at 9-10.

[6] See #1-6, at electronic docketing pages 27-37; see also #33, at 8-9.

added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657, 125 S.Ct. at 2571.

Amended Ground 1(B) and original Ground 23 arise from different core facts. Original Ground 23 was based upon facts regarding the extent to which Moxley interacted with the vehicle at a time subsequent to the theft of the vehicle and at a location that was different from the location where the vehicle was stolen. Ground 1(B) instead is based upon facts pertaining to whether the possessor of the vehicle at the time that it was stolen had permission from the owner to possess the vehicle.

In the show cause response, petitioner does not point to any language in original Ground 23 asserting the core facts alleged in amended Ground 1(B). He instead points to various exhibits attached with the original petition, including the information, a police incident report, a vehicle recovery report, and the certificate of title. Petitioner relies upon the fact that the information alleged that the vehicle was stolen from Amir Lagstein while the remaining police documents and title certificate identified the registered owner as Rivka and/or Zev Lagstein. However, the amended ground must relate back to core facts that are actually alleged in support of a claim that is actually stated within the original petition, not merely to some assemblage of different facts culled from documents attached with the petition that do not pertain to a claim actually alleged within the petition. Under Rule 2 of the Rules Governing Section 2254 Cases, federal habeas claims must be pled with particularity within the petition itself. *Mayle*, 545 U.S. at 655-56, 125 S.Ct. at 2569-70. A claim is not presented in the original petition merely by virtue of the possibility that facts supporting an unpled claim perhaps might be culled later from a stack of exhibits filed with the pleading.

Amended Ground 1(B) accordingly does not relate back to the claim presented in Ground 23 of the original federal petition. Ground 1(B) therefore is time-barred.[7]

---

[7] The response concedes that the claim is not exhausted. The Court, however, did not wish to premise a conclusion that the petition was a mixed petition upon a potentially untimely claim.

-4-

***Ground 2***

Following review of the show cause response, the Court is persuaded that Ground 2 is both timely and exhausted.

In Ground 2, petitioner alleges that he was denied a right to due process of law under the Fifth and Fourteenth Amendments when – in a situation where negotiations on the charge of possession of a stolen vehicle allegedly had become intertwined with the negotiations on a murder charge that also was pending against petitioner – the State allegedly breached a promise to accept a plea to voluntary manslaughter in the other case and a plea to possession of a stolen vehicle in the present case after petitioner detrimentally relied upon the promise by releasing a $500,000 bail bond in the murder case.

The Court is persuaded that amended Ground 2 arises from the same core facts alleged within the prosecutorial misconduct claims in original Ground 21. Petitioner includes allegations therein related to his alleged action as to the bail and the alleged breach of the alleged plea agreement.[8]

The Court further is persuaded that the presentation of the claim in petitioner's mandamus petition in the state supreme court exhausted the claim because, under controlling Ninth Circuit law, the language used by that court in denying the writ reflected a consideration of the merits. The state high court's order stated in pertinent part that "[w]e have considered the petition on file herein, and we are not satisfied that this court's intervention by way of extraordinary relief is warranted at this time."[9] Under *Chambers v. McDaniel*, 549 F.3d 1191 (9th Cir. 2008), the use of such language reflects a consideration of the merits, at least for

---

[8] See #1-6, at electronic docketing pages 34-35. The Court is not otherwise persuaded that amended Ground 2 relates back to original Grounds 7, 26 or 29. Ground 2 does not arise from the same core facts as claims alleging that the State subsequently presented him with an alleged coercive plea agreement and thereafter sought to increase his bail. Nor does Ground 2 relate back to claims that include only a conclusory allegation that the state courts committed constitutional error in rejecting his mandamus petition. Moreover, as discussed above as to Ground 1, relation back must be to a claim actually alleged within the original federal petition. Petitioner's reliance upon material in the cover page to his state mandamus petition, which was attached as an exhibit with the original federal petition, thus is misplaced.

[9] #37, Ex. 76.

purposes of exhaustion for federal habeas review. *See* 549 F.3d at 1195-99. Respondents contend that the order in this case is distinguishable from the order in *Chambers* because the state supreme court included a footnote at the end of the text quoted above citing to, *inter alia*, N.R.S. 34.170.[10] This Court is not persuaded that, under the principles and authorities discussed in *Chambers*, the citation to N.R.S. 34.170 resolved any ambiguity in the order in favor of the disposition being on the basis of a procedural bar rather than on the merits. *See* 549 F.3d at 1197-99.

The Court accordingly holds that Ground 2 is both timely and exhausted, and respondents will be directed to respond to the claim on the merits, under the AEDPA standard of review.[11]

***Ground 3***

In Ground 3, petitioner alleges that he was denied a right to confrontation under the Sixth and Fourteenth Amendments when the state trial court allowed the introduction of the preliminary hearing testimony of Amir Lagstein.

The Supreme Court of Nevada held on state post-conviction review that this substantive claim was procedurally barred because it was not raised on direct appeal.[12]

Under the procedural default doctrine, federal review of a habeas claim may be barred if the state courts rejected the claim on an independent and adequate state law ground due to a procedural default by the petitioner. Federal habeas review will be barred even if the

---

[10] N.R.S. 34.170 provides in full:

> This writ shall be issued in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It shall be issued upon affidavit, on the application of the party beneficially interested.

[11] Given the premise under *Chambers* that the state supreme court denied the claim on the merits, the AEDPA standard of review rather than a *de novo* standard of review applies. When the state court decides a claim on the merits but provides no reasoned decision, the federal court conducts an independent review of the record to determine whether the state court's rejection of the claim was either contrary to or an objectively unreasonable application of clearly established federal law. *See, e.g., Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009). Although the federal court independently reviews the record, it nonetheless still applies the deferential AEDPA standard of review to the state court's ultimate decision rejecting the claim. *Id.*

[12] #36, Ex. 58, at 9-11 & n.23.

state court also rejected the claim on the merits in the same decision.  Review will be barred on claims rejected on an independent and adequate state law ground unless the petitioner can demonstrate either: (a) cause for the procedural default and actual prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of justice will result in the absence of review.  *See,e.g.,Bennet v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003).

      Petitioner relies upon ineffective assistance of appellate counsel in an effort to establish cause and prejudice overcoming the procedural default of the claim.  A habeas petitioner may rely upon ineffective assistance of counsel to establish cause and prejudice only if the ineffective assistance claim also was properly exhausted in the state courts as a separate and independent claim.  *See Murray v. Carrier* 477 U.S. 478, 488-89, 106 S.Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986); *Park v. California*, 202 F.3d 1146, 1154-55 (9th Cir. 2000); *Cockett v. Ray* 333 F.3d 938, 943 (9th Cir. 2003); *see also Edwards v. Carpenter*, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1592, 146 L.Ed.2d 518 (2000).  Resolution of the procedural default issue as to Ground 3 in the present case turns principally upon whether petitioner fairly presented and exhausted a corresponding claim of ineffective assistance of appellate counsel on state post-conviction review based upon the failure to raise this substantive claim on direct appeal.

      To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada.  *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim.  *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based.  *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

      To establish exhaustion of the ineffective assistance claim, petitioner relies upon a two-page document contained within a 367-page stack of exhibits attached with his 248-page

1 state post-conviction petition. The document purports to be a list of issues for appeal
2 provided by Moxley to appellate counsel that he recopied by hand from memory at a later
3 time. The document lists twenty-two issues in often cursory shorthand fashion, such as, for
4 example, "Court would not allow Pro Per Defendant to make record on several occasions."
5 The list included as item 18: "Defendant's right to confrontation and to secure witnesses at
6 time of trial by State by letting witnesses leave the country for a birthday party, when the [sic]
7 couldve [sic] served subpoenas at time and declared them unavailable (read trans. from
8 preliminary hearing)."[13]

9       Petitioner asserted a claim of ineffective assistance of appellate counsel in state
10 Ground 25 in the state post-conviction petition. Petitioner referred to the above two-page list
11 in the course of allegations seeking to establish that appellate counsel was operating under
12 a conflict of interest because counsel did not pursue issues requested by Moxley.[14]

13       Petitioner did not include any allegations or argument in state Ground 25 that counsel
14 was ineffective specifically for failing to present a claim on direct appeal that he was denied
15 a right of confrontation when Amir Lagstein's preliminary hearing testimony was introduced
16 at trial. Instead, petitioner urged near the conclusion of state Ground 25, that appellate
17 counsel "failed to file relevant issues of which the record was replete with clear violations prior
18 to trial." Petitioner then identified six "relevant issues" at the end of state Ground 25, and he
19 maintained that "[t]hese above issues are replete through the entire record and critically
20 prejudiced Petitioner's fundamental rights and rendered his trial unfair and unconstitutional."
21 Petitioner did not include any claim in the above six issues asserting that he was denied a
22 right of confrontation by introduction of preliminary hearing testimony.[15]

23       The specific claims of ineffective assistance of appellate counsel (over and above the
24 general claim of a conflict of interest) addressed by the Supreme Court of Nevada on the

---

[13] #36, Ex. 50, at handwritten pages 347-48.

[14] See #36, Ex. 50, at handwritten pages 221-25.

[15] See *id.*, at handwritten pages at 227-28.

-8-

state post-conviction appeal, in the main, substantially correspond to the six issues identified by Moxley at the end of Ground 25 in the state post-conviction petition.[16]

This Court is not persuaded that the attachment of an at times cursory "laundry list" of potential appellate issues prepared by the defendant for appellate counsel and attached within a 367-page stack of exhibits attached to a state petition fairly presented any and all claims listed therein to the state courts as a claim of ineffective assistance of appellate counsel. Generally, in order to fairly present a claim to a state court, a petitioner must present the claim to the court within the four corners of his pleading or briefing. *See, e.g., Castillo*, 399 F.3d at 1000 & 1002 n.4; *see also Baldwin v. Reese*, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)("We . . . hold that ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so."). Nothing within the four corners of state Ground 25 fairly alerted either the state district court or the state supreme court that petitioner was claiming that appellate counsel was ineffective for failing to claim that Moxley was denied his right to confrontation by introduction of the preliminary hearing testimony. This conclusion especially follows given that petitioner instead specifically identified a set of six other issues at the end of Ground 25 that allegedly critically prejudiced him and that should have been raised on appeal.

Petitioner next relies upon a statement by the Supreme Court of Nevada in a footnote in its order on the state post-conviction appeal stating that "[w]e have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted."[17] Petitioner relies upon, *inter alia*, the *Chambers* decision discussed under Ground 2 in contending that the state supreme court therefore necessarily considered a pertinent ineffective assistance claim.

---

[16] Compare #36, Ex. 50, at 228, with *id.,* Ex. 58, at 5-9.

[17] #36, Ex. 58, at 11 n.25.

1    Petitioner's reliance upon this statement is misplaced for two reasons.

2    First, the state supreme court is referring to proper person documents submitted by Moxley to the state supreme court clerk "in this matter," *i.e.*, on the state post-conviction appeal. Petitioner did not file in the record in this Court any proper person documents submitted by Moxley to the state supreme court clerk subsequent to the notice of appeal on the state post-conviction appeal.[18] He has not established that any such documents asserted a claim that appellate counsel was ineffective for failing to claim that Moxley was denied his right to confrontation by introduction of the preliminary hearing testimony.

Second, the state supreme court further stated, immediately following the statement relied upon by petitioner, that "[t]o the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance."[19] Petitioner did not fairly present a claim in state Ground 25 that appellate counsel was ineffective for failing to claim that Moxley was denied his right to confrontation by introduction of the preliminary hearing testimony. Thus, even if, *arguendo*, petitioner sought to articulate such a claim for the first time on the state post-conviction appeal in some paper that has not been provided to this Court as yet, the Supreme Court of Nevada expressly declined to consider all such newly-raised claims.

At bottom, petitioner failed to fairly present a claim – in either the state district court or the state supreme court – within the four corners of state Ground 25 that appellate counsel was ineffective for failing to claim that Moxley was denied his right to confrontation by introduction of the preliminary hearing testimony. The mere fact that a broader "laundry list" of potential appellate issues allegedly given to appellate counsel was included in a 367-page stack of exhibits attached with the petition did not fairly alert either the state district court or the state supreme court that petitioner was pursuing such a claim in state Ground 25.

---

[18] The state court record materials filed by petitioner again are neither complete nor clearly presented. State court record documents generally should be indexed in chronological order rather than in the manner in which documents were presented in this case.

[19] #36, Ex. 58, at 11 n.25.

-10-

1  Petitioner therefore did not properly exhaust a separate and independent claim that
2 appellate counsel was ineffective for failing to claim that Moxley was denied his right to
3 confrontation by introduction of the preliminary hearing testimony. Petitioner therefore may
4 not rely upon such alleged ineffective assistance as a basis for cause and prejudice
5 overcoming the procedural default of federal Ground 3.

6  Ground 3 accordingly is barred by procedural default.

***Ground 4***

8  In Ground 4, petitioner alleges that he was denied rights to confrontation, compulsory
9 process, and due process of law in violation of the Fifth, Sixth and Fourteenth Amendments
10 when the state trial court declined to continue the trial or otherwise accommodate petitioner's
11 witness subpoena requests.

12  As to this ground, the show cause order first directed petitioner to establish that the
13 confrontation clause legal theory on this claim was exhausted. Following review of the
14 response, the Court is persuaded that the confrontation clause legal theory was exhausted,
15 although the exhaustion issue is an exceedingly close one in this regard. Petitioner
16 sufficiently presented a confrontation clause legal theory based upon the failure to
17 accommodate his subpoena requests in the first state Ground 14 (of two grounds identified
18 as 14). That claim is predominantly concerned with alleged withholding of evidence.
19 However, a minimally sufficient additional thread is interwoven within the lengthy claim
20 asserting that the failure to accommodate petitioner's subpoena requests impeded his ability
21 to develop evidence to confront the prosecution's witnesses and evidence.[20]

22  Ground 4 accordingly is exhausted in full.

23  The state high court held that the claims presented on post-conviction review were
24 barred because they were not raised on direct appeal.[21] The prior order directed petitioner
25 to show cause why Ground 4, to the extent exhausted, was not procedurally defaulted.

---

[20] See #36, Ex. 50, at handwritten pages 76, 85, 90-91, 94-95 & 100.

[21] #36, Ex. 58, at 9-11 & n.23.

Petitioner seeks to overcome the procedural default of the substantive claim in Ground 4 by relying upon ineffective assistance of appellate counsel to establish cause and prejudice. As with Ground 3, resolution of the procedural default issue as to Ground 4 turns principally upon whether petitioner fairly presented and exhausted a corresponding claim of ineffective assistance of appellate counsel on state post-conviction review based upon the failure to raise the substantive claim on direct appeal. Petitioner relies upon the same arguments presented under Ground 3 to establish the exhaustion of a corresponding claim of ineffective assistance of appellate counsel for failing to raise the substantive claim in Ground 4 on direct appeal. The Court rejects those arguments for the same reasons assigned as to Ground 3.

Ground 4 accordingly is barred by procedural default.

***Ground 6***

Ground 6 does not relate back to a timely claim in the original petition.

In Ground 6, petitioner alleges that he was denied a right to effective assistance of counsel on direct appeal under the Fifth, Sixth, and Fourteenth Amendments because appellate counsel did not argue that the trial court allowed petitioner to represent himself without a proper canvass under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), after the State amended the information to charge him as a habitual criminal.

Petitioner contends that this ground relates back to Ground 26 in the original petition. Original Ground 26 alleged: (a) that the State vindictively amended the information to add the habitual criminal notice after petitioner refused an allegedly coercive plea bargain in the murder case pending at the same time; and (b) that the state court sentenced petitioner to a disproportionate and cruel and unusual punishment.[22] Petitioner relies in particular upon a passing statement in the eight-page claim that "Judge Glass did not canvass Petitioner upon Amended information when filed on 5-27-03."[23]

/ / / /

---

[22] #1-8, at handwritten pages 278-85.

[23] *Id.*, at handwritten page 285.

The Court is not persuaded that the above ambiguous and isolated statement presented the core facts of a *Faretta* claim such that petitioner then might argue that amended Ground 6 merely presents a different legal theory – ineffective assistance of appellate counsel for failing to raise the claim– based upon the same core facts.[24] As discussed previously, federal habeas claims must be pled with particularity. *Mayle*, 545 U.S. at 655-56, 125 S.Ct. at 2569-70. An allegation only that the state district court failed to canvass the defendant in some unspecified sense does not adequately allege a *Faretta* claim.

Ground 6 therefore does not relate back to the original petition and is untimely.

***Ground 7***

Following review of the show cause response, the Court is persuaded that Ground 7 relates back and is timely. The Court is not persuaded that the claim is exhausted.

In Ground 7, petitioner alleges that he was denied a right to effective assistance of counsel on direct appeal under the Fifth, Sixth, and Fourteenth Amendments because appellate counsel did not argue that petitioner's sentence of life with the possibility of parole constituted an excessive punishment in violation of the Eighth and Fourteenth Amendments.

The Court is persuaded that the allegations in amended Ground 7 relate back to core factual allegations in original Ground 26 that the state court sentenced petitioner to a disproportionate and cruel and unusual punishment. Ground 7 adds a different legal theory based upon ineffective assistance of appellate counsel in failing to pursue the issue on direct appeal.

With regard to exhaustion, petitioner relies in principal part upon the same arguments presented as to Ground 3 to establish the exhaustion of the claim of ineffective assistance of appellate counsel presented in Ground 7. That is, he relies upon the two-page "laundry list" of potential appellate issues allegedly given to appellate counsel that is included within the

---

[24] *Cf. Mayle*, 545 U.S. at 664 n.7, 125 S.Ct. at 2574 n.7 (referring to statement in the Moore treatise that "relation back ordinarily [is] allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'"); 545 U.S. at 659 n.5, 125 S.Ct. at 2572 n.5 ("The amendment in question added . . . a new legal theory tied to the same operative facts as those initially alleged.').

367-page stack of exhibits attached with his state petition. The Court rejects these arguments as to Ground 7 for the same reasons assigned as to Ground 3.

The Court further notes that the language relied upon by petitioner from the two-page list in any event would not exhaust the ineffective assistance claim in Ground 7 even if it had been included within the four corners of the state petition. As the Court discussed in Ground 3, the two-page document lists twenty-two issues in often cursory shorthand fashion. In this particular instance, the document stated only: "Imposition of sentencing at time of sentencing an abuse of discretion by the Court."[25] A claim that appellate counsel was ineffective for failing to raise a claim only that the sentencing court abused its discretion would not fairly present a claim that appellate counsel was ineffective for failing to challenge the sentence as constituting an excessive punishment in violation of the Eighth and Fourteenth Amendments. Thus, even if the language in the list had been alleged within the state petition, it would not have exhausted the claim now presented in Ground 7.

Petitioner further relies upon his allegation in state Ground 26 – which does not allege a claim of ineffective assistance of counsel – that his sentence was disproportionate to the charge and is cruel and unusual punishment. Petitioner urges that this Court should read the claim of ineffective assistance of appellate counsel in state Ground 25 *in pari materia* with the substantive claim in state Ground 26 and give petitioner "the benefit of the doubt as a pro per litigant."[26] There is no principle of *in pari materia* exhaustion, and even *pro se* litigants must fairly present and exhaust their federal claims in the state courts. The law is well-established that fair presentation requires that the petitioner present the state courts with *both* the operative facts *and* the federal legal theory upon which the claim is based. *E.g., Castillo, supra*. Indisputably, a petitioner does not fairly present a claim of ineffective assistance of appellate counsel for failing to raise a particular substantive claim merely by presenting the substantive claim. Nor does he fairly present a claim of ineffective assistance of appellate

---

[25] #36, Ex. 50, at handwritten page 347.

[26] #40, at 27.

counsel for failing to raise a particular substantive claim by claiming ineffective assistance of appellate counsel with regard to other issues.

Ground 7 therefore is timely but unexhausted.

IT THEREFORE IS ORDERED, following upon the Court's *sua sponte* inquiry and the parties' response thereto, that the following claims are DISMISSED with prejudice: (a) Ground 1(B) as untimely; (b) Grounds 3 and 4 as procedurally defaulted; and (c) Ground 6 as untimely.

IT FURTHER IS ORDERED, following upon the Court's holding that Ground 7 is not exhausted, that petitioner shall have thirty (30) days from entry of this order within which to file a motion for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. Any motion filed must contain or be accompanied by, either contemporaneously or via a document filed within ten (10) days thereafter, a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion and/or the verification is not timely filed.

IT FURTHER IS ORDERED that respondents may file a response to any such motion filed, and petitioner may file a reply, within the normal time limits provided for in Local Rule LR 7-2, but running initially from the filing of the verification rather than the motion.

**No extensions of time will be granted except in extraordinary circumstances. Any extensions of time sought based upon scheduling conflicts with deadlines in other cases in this District should be sought in the earlier-filed case**.

DATED: April 12, 2010.

_____
ROGER L. HUNT
Chief United States District Judge