# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TOLE MOXLEY,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*,

    *Respondents*.

2:07-cv-01123-RLH-GWF

ORDER

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#43) for a stay and abeyance order under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), following upon this Court's holding that Ground 7 of the amended petition is not exhausted.

### *Background*

Petitioner John Tole Moxley seeks to set aside his Nevada state conviction, pursuant to a jury verdict, of possession of a stolen vehicle and his adjudication as a habitual criminal. In Ground 7, petitioner alleges that he was denied a right to effective assistance of counsel on direct appeal under the Fifth, Sixth, and Fourteenth Amendments because appellate counsel did not argue that petitioner's sentence of life with the possibility of parole constituted an excessive punishment in violation of the Eighth and Fourteenth Amendments. The Court held that Ground 7 was not exhausted, and it gave petitioner an opportunity to dismiss the entire mixed petition, dismiss only the unexhausted ground, or seek other appropriate relief. #42, at 13-15. The present motion followed.

### *Discussion*

Under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), a stay of federal habeas proceedings to exhaust claims that have not been completely exhausted in the state courts is available only in limited circumstances:

> . . . . Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan* [*v. Walker*, 533 U.S. 167, 180, 121 S.Ct. 2120, 2128, 150 L.Ed.2d 251 (2001)]("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. . . . .

544 U.S. at 277-78, 125 S.Ct. at 1534-35.

Under *Rhines*, a petitioner may obtain a stay of the federal proceedings to exhaust claims that have not been completely exhausted only if he demonstrates good cause for the failure to exhaust, that the unexhausted claims are not plainly meritless, and that he has not engaged in intentionally dilatory litigation tactics. *Id.*

While the precise contours of the good cause requirement remain to be fully defined, the Ninth Circuit has held that a petitioner is not required to demonstrate that extraordinary circumstances prevented him from exhausting the claims in order to establish good cause. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). At the same time, the requirement that a petitioner demonstrate good cause is not a toothless one. The good-cause standard is not to be applied in a manner that "would render stay-and-abey orders routine" and thus "run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008), *cert. denied*,

___ U.S. ___, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009)(petitioner's assertion that he "was under the impression" that post-conviction counsel had included the claim in the petition to the state supreme court failed to establish good cause under *Rhines*).

In the present case, petitioner seeks to demonstrate good cause for the failure to exhaust Ground 7 on the basis that: (a) counsel on direct appeal failed to raise a claim on direct appeal contending that petitioner's sentence of life with the possibility of parole constituted an excessive punishment in violation of the Eighth and Fourteenth Amendments;[1] and (b) petitioner proceeded *pro se* in the state post-conviction proceedings.[2]

Appellate counsel's failure to raise the underlying substantive claim on direct appeal clearly does not constitute – in any sense and under any standard – good cause for petitioner's failure to raise the claim of *ineffective assistance of appellate counsel* in the state post-conviction proceedings. Petitioner alleges in Ground 7 that he "*was denied his right to the effective assistance of appellate counsel* . . . when counsel failed to argue that sentencing Moxley to a life sentence with the possibility of parole constitutes excessive punishment in violation of the Eighth and Fourteenth Amendments."[3] With all due respect to federal habeas counsel, the argument that appellate counsel's failure to raise the underlying substantive claim on direct appeal constitutes good cause for petitioner's failure to raise the ineffective assistance claim on post-conviction review is nonsensical.[4]

---

[1] #43, at 5-6; #46, at 3-4.

[2] #43, at 4-5; #46, at 2-3.

[3] #33, at 24 (emphasis added).

[4] Petitioner's argument makes even less sense if he instead is arguing that appellate counsel should have raised a claim challenging his own effectiveness on direct appeal. Petitioner cites in the motion to unreported federal district court cases from the Eastern District of Michigan holding that appellate counsel's failure to raise a claim of ineffective assistance of *trial* counsel on direct appeal constitutes good cause for the petitioner's failure to raise the claim. See #43, at 5. Whatever the state procedure may be in Michigan, it is well-established law in Nevada that, with few exceptions, claims of ineffective assistance are to be pursued in a state post-conviction petition rather than on direct appeal. Good cause for the failure to exhaust the claim of ineffective assistance of appellate counsel is not demonstrated in this case either by appellate counsel's failure to raise the underlying substantive claim or by his failure to raise a claim challenging his own

(continued...)

Petitioner's *pro se* status, standing alone, cannot demonstrate good cause. Basing a finding of good cause upon *pro se* status "would render stay-and-abey orders routine" and thus "run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" *Cf. Wooten*, 540 F.3d at 1024. A petitioner must do more than point to a failure to appoint counsel in the state post-conviction proceedings, where counsel is not required under the Sixth Amendment, to establish good cause under *Rhines*.[5]

Petitioner has failed to demonstrate good cause. The Court therefore has no occasion to consider whether petitioner has satisfied the remaining *Rhines* requirements.

The motion for a stay therefore will be denied.

In the motion, petitioner requests that "[i]f the Court should decline to stay this proceeding to allow Moxley to exhaust his claim, Moxley would request the opportunity to reconsider the appropriateness of abandoning the unexhausted claim . . . ."[6] Such piecemeal serial presentation of a petitioner's election is disfavored, particularly in a case approaching three years in age. Petitioner will be given an opportunity to seek appropriate relief prior to a dismissal order, but he must act with dispatch, within fifteen (15) days of entry of this order, both with regard to the motion and the accompanying declaration. Any inconvenience in this regard will have to be borne by petitioner's counsel at this juncture.

---

[4](...continued)
effectiveness. Petitioner cites no apposite, much less controlling, authority holding that appellate counsel's failure to raise an underlying substantive claim demonstrates good cause for failure to claim *ineffective assistance of appellate counsel* in a prior petition for state post-conviction review. Nor does he cite any apposite controlling authority holding that appellate counsel's failure to challenge his own effectiveness on direct appeal supports a finding of good cause for the petitioner's failure to raise the ineffective assistance claim in a prior petition for state post-conviction review. To the extent, if any, that the cited unpublished cases would support such a position, the Court does not find them persuasive.

[5]This Court's decision in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D. Nev. 2006), clearly is not to the contrary. The Court made no definitive holding as to whether the petitioner had established good cause but instead gave the petitioner an opportunity to establish good cause. 415 F.Supp.2d at 1211. The Court made no holding in *Riner* that *pro se* status, standing alone, demonstrates good cause. Indeed, the petitioner in *Riner* never demonstrated good cause thereafter but instead sought reconsideration of the prior holding that the claim in question was exhausted. *See,e.g., Riner v. Crawford*, 2010 WL 55611 (9th Cir., Jan. 7, 2010).

[6]#43, at 2, lines 18-20.

-4-

IT THEREFORE IS ORDERED that petitioner's motion (#43) for a stay and abeyance order is DENIED.

IT FURTHER IS ORDERED that petitioner shall have **fifteen (15)** days from the date of entry of this order to file a motion either for dismissal without prejudice of the entire petition, for partial dismissal only of Ground 7, or for other appropriate relief.  The motion must be accompanied, **by the same deadline**, by a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court.  The entire petition will be dismissed without prejudice for lack of complete exhaustion without further advance notice if petitioner does not file a timely motion and declaration.  Respondents may file a response to any such motion filed, and petitioner may file a reply, within the normal time limits provided for in Local Rule LR 7-2.  **Requests for extension of time will not be entertained absent the most compelling circumstances, such as counsel being on health-related leave.**[7]

DATED:   June 8, 2010.

_____
ROGER L. HUNT
Chief United States District Judge

---

[7] The Court notes that the declaration (#44) filed by petitioner earlier in this matter contemplated a procedure under which the amended petition would be dismissed without entry of judgment and the case would be administratively closed. That indeed has been the procedure followed in many prior cases in this District, from long before the *Rhines* stay procedure was approved by the Supreme Court. See,e.g., *Riner v. Crawford*, No. 3:99-cv-00258-ECR-RAM, #72, at 5 n.1. Under more recent Ninth Circuit case law, however, the more appropriate procedure for a *Rhines* stay – as opposed to a stay under the different stay procedure authorized under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) – does not involve the dismissal of the petition either in whole or in part. *See King v. Ryan*, 564 F.3d 1133, 1139-40 (9th Cir.), *cert. denied*, ___ U.S. ___, 130 S.Ct. 214, 175 L.Ed.2d 148 (2009). Under a *Rhines* stay, the entry of a stay in conjunction with an order to administratively close the case avoids the administrative burden of having inactive files open on the Court's docket while the claims are exhausted in the state courts.