# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TOLE MOXLEY,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.*

    *Respondents.*

2:07-cv-01123-RLH-GWF

ORDER

This nearly four-year old represented habeas matter comes before the Court on respondents' motion (#57) for enlargement of time to respond to petitioner's motion for a stay.

The Court acknowledges at the very outset that its own delays have contributed to the age of this case. At the same time, however, the Court repeatedly has emphasized to counsel – as far back as November 2009 – of the need to move the case to a conclusion with dispatch and that requests for extension of time therefore would be considered only in extraordinary circumstances. #39, at 8; #42, at 15; #47, at 5; #50, at 1-2. The Court's most recent order made this point once again emphatically:

> **Extension of the deadlines established herein will be considered in only the most extraordinary of circumstances**.

#53, at 10 (bold emphasis in original).

In the present motion and affidavit, respondents' counsel states that "[d]ue to the numerous state and federal cases on my caseload, I have been unable, with the use of due diligence, to timely file a response to petitioner's [motion]."

1  Counsel has not shown extraordinary circumstances. In normal circumstances, even
2  without an express order from this Court, counsel with the Attorney General and with the
3  Federal Public Defender generally should seek extensions of time in younger cases before
4  older cases. Longer pending cases need to be triaged through to a conclusion ahead of
5  younger cases. A failure to triage older cases to a conclusion ahead of younger cases results
6  in cases being pushed against up the 3-year reporting deadline under the Civil Justice Reform
7  Act (CJRA). When cases are pushed up against the deadline, the Court increasingly must
8  make case management decisions that are – as to procedure – driven more than usual by
9  time concerns. The semiannual case reporting deadlines under the CJRA – each and every
10 year – are March 31st and September 30th. The impending CJRA deadline in this case –
11 which already has been carried over on two prior CJRA reports – thus is September 30, 2011,
12 less than 60 days away.

13  If petitioner's motion for a stay, *arguendo*, were to be denied, the Court then would
14 need to give petitioner another opportunity to make an election as to the relief to be requested
15 as to the unexhausted claim. The Court simply does not have the time left in this case to rule
16 on the present motion for a stay, provide another such opportunity as described above if
17 necessary, and then resolve the merits of the remaining claims while at the same time
18 extending counsel's deadlines along the way.

19  Counsel, again, has failed to show extraordinary circumstances. To the extent that
20 counsel has conflicting duties in other cases in this Court and absent extraordinary
21 circumstances, he should seek extensions of time in cases that were filed later than this case.
22 Given the advanced age of this case, situations where the present case is the younger case
23 likely are few and far between.

24  The fact that the motion is unopposed and is only the first requested extension of the
25 present deadline is of no moment. Under the express order of this Court, counsel instead
26 must show "the most extraordinary of circumstances." He has not done so.

27  The extension motion therefore will be denied, but the Court will extend the deadline
28 a short interval. Both counsel should note the remaining provisions of this order.

IT THEREFORE IS ORDERED that respondents' motion (#57) for enlargement of time is **DENIED**. Respondents shall have until **12:00 noon** on **Monday, August 8, 2011**, within which to file an opposition to petitioner's motion for a stay. The provisions of Local Rule 7-2(d) shall apply to a failure to timely file an opposition to the motion.

IT FURTHER IS ORDERED that petitioner shall have until **12:00 noon** on **Friday, August 12, 2011**, within which to file a reply.

IT FURTHER IS ORDERED that – from this point forward in this case – counsel must comply with all deadlines established in this matter even if they file a motion for an extension of time, unless the Court grants the motion before the expiration of the deadline. That is, counsel may not rely upon the mere pendency of a motion for extension of time in not responding to a deadline. If the Court has not entered an order extending the deadline, the deadline remains in full force and effect.

**NO EXTENSIONS OF TIME WILL BE GRANTED TO THE DEADLINES ESTABLISHED BY THIS ORDER. IF COUNSEL OF RECORD IS UNABLE TO COMPLY WITH THE DEADLINES, HE MUST ASSOCIATE COUNSEL WITHIN HIS OFFICE CAPABLE OF COMPLYING WITH THE DEADLINE.**

DATED: August 3, 2011.

_____
ROGER L. HUNT
United States District Judge