# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN TOLE MOXLEY,

    *Petitioner*,

vs.

DWIGHT NEVEN, *et al.,*

    *Respondents*.

2:07-cv-01123-RLH-GWF

ORDER

This represented habeas action under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#54) for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

### *Background*

Petitioner John Tole Moxley seeks to set aside his 2004 Nevada state conviction, pursuant to a jury verdict, of possession of a stolen vehicle and his adjudication as a habitual criminal.

In Ground 2, petitioner alleges that he was denied a right to due process of law under the Fifth and Fourteenth Amendments when the State allegedly breached a promise to accept a plea to voluntary manslaughter in a murder case pending against him at the same time and a plea to possession of a stolen vehicle in the present case after petitioner detrimentally relied upon the promise by releasing his bail bond in the murder case. Petitioner alleges in particular: (a) that a deputy district attorney "promised Moxley that he could plead guilty to voluntary manslaughter in case C-14152 (1-10 year sentence stipulation) and to the

possession of the stolen vehicle charges in case C-189183, where he faced a 1-5 year sentence;" and (b) that "Moxley also believed that the deal included a provision that would preclude the District Attorney from pursuing habitual criminal enhancement against him in the PSV [possession of a stolen vehicle] case." He seeks "in this PSV case, specific performance of the promises respecting the PSV plea, including the absence of any habitual criminal charges . . ., resulting in vacation of Moxley's conviction and sentence."[1]

In its prior order, the Court held as follows:

> In the state supreme court, petitioner neither alleged nor presented evidence that a plea deal had been reached in the stolen vehicle case when he stipulated to the exoneration of his bail bond. To now seek specific performance of a plea deal that he did not even allege existed at the time of his alleged detrimental reliance fundamentally alters the claim presented in state court. Petitioner alleged in state court that a question remained [at the time of the bond exoneration], as to whether to add the stolen vehicle case to the alleged agreement. The exhaustion doctrine does not permit him to now allege for the first time in federal court that he instead had an enforceable promise to include the stolen vehicle case that he detrimentally relied upon by stipulating to the exoneration of the bail bond. Such a claim clearly was not fairly presented to the state court.
>
> Ground 2 therefore is not exhausted ***to the extent that***: (a) petitioner claims that he detrimentally relied upon a promise by the State that he could plead guilty in the stolen vehicle case, (b) petitioner claims that he had a deal that precluded habitual criminal enhancement in the stolen vehicle case; and (c) petitioner seeks specific performance of an alleged promise or plea deal in the stolen vehicle case.

#53, at 6-7 (emphasis added).

The Court accordingly allowed petitioner an opportunity to seek dismissal of the entire petition, dismissal only of the unexhausted claims, and/or other appropriate relief.

In the present motion, the represented petitioner seeks a stay to exhaust "Ground Two" notwithstanding the fact that the Court did not hold that the entirety of Ground 2 was unexhausted. In the exhausted portions of Ground 2 that remain before the Court, petitioner alleges, *inter alia*, that he was prejudiced by the action in the murder case relating to bail

---

[1] #33, at 11 & 13.

because he thereafter was unable to raise the bond premium required to be able to secure his release on bail in order to prepare his defense in this case.

In the declaration (#56) filed after the motion, petitioner again proceeds on the premise that the Court held that all of Ground 2 was unexhausted, which it clearly did not. Petitioner seeks therein an order dismissing the entire amended petition without prejudice but without entry of judgment during a stay and administrative closure. Such a procedure is not followed on a *Rhines* stay. Such a dismissal likely would result in petitioner's remaining claims – all of them, not merely the Ground 2 claims -- being time-barred when petitioner later sought to reassert the claims. *See, e.g., King v. Ryan*, 564 F.3d 1133, 1139-43 (9th Cir. 2009).[2]

### *Discussion*

In order to obtain a *Rhines* stay to return to the state courts to exhaust a claim or claims, a petitioner must demonstrate that there was good cause for the failure to exhaust the claims, that the unexhausted claims include at least one claim that is not plainly meritless, and that petitioner has not engaged in intentionally dilatory litigation tactics. *See* 544 U.S. at 278, 125 S.Ct. 1535.

### *Good Cause*

While the precise contours of what constitutes "good cause" in this context remain to be fully developed in the jurisprudence, the Ninth Circuit has held that a requirement that the petitioner show "extraordinary circumstances" to obtain a stay does not comport with the good cause standard in *Rhines*. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The Court concluded in *Riner v. Crawford*, 415 F.Supp.2d 1207 (D.Nev. 2006), following upon the Ninth Circuit's holding in *Jackson*, that the good cause standard under *Rhines* therefore is not so strict a standard as to require a showing of some extreme and unusual event beyond the control of the petitioner to warrant a stay. 415 F.Supp.2d at 1210. On the other hand, *Rhines*

---

[2] The declaration on petitioner's prior motion for a stay contained this very same deficiency, which the Court expressly noted. See #47, at 5 n.7. Petitioner's counsel needs to read the orders of the Court, whether #53 or #47.

instructs that a stay should be available only in "limited circumstances," and the requirement of good cause therefore should not be interpreted in a manner that would render stay orders routine. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Accordingly, a mere impression by a petitioner that a claim was exhausted is not sufficient to establish good cause for a failure to exhaust, given that, if it were, "virtually every habeas petitioner, at least those represented by counsel, could argue that he *thought* his counsel had raised an unexhausted claim and secure a stay." *Id.* (emphasis in original).[3]

In the present case, petitioner seeks to demonstrate good cause based upon (a) his *pro se* status in the state courts and the state courts' failure to appoint counsel on his collateral state challenges to his conviction; and (b) the fact that he currently has a state post-conviction petition pending challenging his murder conviction in which he allegedly could pursue "the Ground Two claim."

As to *pro se* status, petitioner raised the same argument, based on the same authority, in a prior motion for a stay as to other unexhausted claims.[4] The Court rejected the argument:

> Petitioner's *pro se* status, standing alone, cannot demonstrate good cause. Basing a finding of good cause upon *pro se* status "would render stay-and-abey orders routine" and thus "run afoul of *Rhines* and its instruction that district courts should only stay mixed petitions in 'limited circumstances.'" *Cf. Wooten*, 540 F.3d at 1024. A petitioner must do more than point to a failure to appoint counsel in the state post-conviction proceedings, where counsel is not required under the Sixth Amendment, to establish good cause under *Rhines*.

#47, at 4 (footnote omitted).

The argument has not become more persuasive. None of the cases cited by petitioner involved a *Rhines* stay, and the cases therefore are wholly inapposite.

---

[3] In *Riner*, the Court's order was issued following a remand from the Ninth Circuit for reconsideration of its dismissal order in light of the intervening authority in *Rhines*. The Court did not hold that Riner either had or had not demonstrated good cause. The order instead gave Riner an opportunity *to* demonstrate good cause and the other requirements for a *Rhines* stay. Riner thereafter did not seek such a stay but instead sought reconsideration of the Court's prior holding that the claims in question were unexhausted. See,e.g., No. 3:99-cv-0258-ECR-RAM, #72. The published *Riner* decision therefore did not make a definitive holding as to good cause applicable to a then-attempted specific factual demonstration of good cause.

[4] Compare #43, at 4-5 with #54, at 6-7.

-4-

Petitioner urges, however, that the factor of his *pro se* status is not "standing alone" on the present motion due to the existence of the pending state post-conviction petition on the murder case. He asserts that "the Ground 2 claim" is or will be pending in the state petition. He maintains that the pendency of the state petition, as to which counsel has been appointed, presents "'good cause' for issuance of a stay under <u>Rhines</u>." #54, at 6-7.[5]

Petitioner must not demonstrate good cause "for issuance of a stay under <u>Rhines</u>" in some amorphous sense. He instead must demonstrate good cause "for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535. The mere fact that petitioner has a state petition challenging an entirely different judgment of conviction based upon a similar issue does not demonstrate good cause for petitioner's failure to exhaust the unexhausted portions of Ground 2 previously. He simply failed to exhaust the claim previously. He advances no good cause for having failed to do so.

Moreover, petitioner's assumption that the state court will be resolving "the Ground 2 claim" presented in *this* case on the pending state petition is an extremely dubious one. Petitioner must exhaust the unexhausted claims in Ground 2 *as an attack on the stolen-vehicle judgment of conviction*. Any adjudication of a post-conviction ground seeking to set aside the *murder* conviction will not exhaust the unexhausted challenges in Ground 2 to the *stolen-vehicle* conviction.[6] Petitioner conflates issues with claims. Merely because a state court is considering a similar issue in a petition challenging an entirely different judgment of

---

[5] Petitioner further urges that he needed a trial transcript from the public defender. See #54, at 6. Yet Moxley represented himself during the proceedings involving the plea discussions and his exoneration of the bail bond. If he wished to assert a claim that he personally detrimentally relied upon a promise that included a plea as to the stolen-vehicle case, he did not need the *trial* transcript to allege such a claim. Indeed, the request for counsel from which federal habeas counsel cites, referring to a need for the trial transcript, was filed one year *after* his mandamus petition. Compare #37, Ex. 75 (August 26, 2004, mandamus petition) with #35, Ex. 44 (September 7, 2005, motion). Moreover, his mandamus petition hardly was bereft of detail. See #37, Ex. 75. As the Court noted in its prior order, the state court record exhibits filed on federal review were presented in no discernible order. See #53, at 7. Federal habeas counsel's corresponding reliance upon state court filings without regard to when they were filed or in what context is wholly unpersuasive.

[6] Moxley's reliance upon tolling cases under 28 U.S.C. § 2244(d)(2) concerning challenges to prior judgments used to enhance a sentence is unpersuasive. The issue here is exhaustion not tolling, and a prior conviction used for enhancement is not involved. A state petition seeking to set aside a murder conviction does not exhaust a claim seeking to set aside a stolen-vehicle conviction under a separate judgment.

conviction has nothing to do with the exhaustion of unexhausted claims in this matter seeking to set aside the stolen-vehicle conviction.

In all events, even if petitioner had filed another state petition actually challenging the stolen-vehicle conviction based on the unexhausted claims in Ground 2, that filing would not have demonstrated good cause for his failure to exhaust the claims previously, whether standing alone or in combination with his prior *pro se* status.  To obtain a federal stay under *Rhines*, petitioner must demonstrate good cause for his failure to exhaust the claims previously, not merely that he already has filed additional state proceedings.  Petitioner at bottom has the cart before the horse, seeking to bootstrap a showing of good cause based upon the pendency of other state proceedings.  He instead first must demonstrate – at least when a stay is sought pursuant to *Rhines* -- good cause to obtain a stay of the federal proceedings for the purpose of pursuing other state proceedings.[7]

### *Remaining Issues*

Given that plaintiff has failed to show good cause for his failure to exhaust the unexhausted claims previously, the Court has no occasion to consider the remaining *Rhines* factors.

The request for a stay -- which has been made exclusively under *Rhines* rather than under any other available alternative[8] -- therefore will be denied.

Petitioner requests that, if the Court denies the present motion, the Court allow him another opportunity to make an election as to the unexhausted claims.  The Court recently acknowledged that it would have to proceed in this manner if the motion were denied.  #58,

---

[7] The mere fact that the state court has appointed counsel on the state petition challenging the murder conviction does not signify anything as to the potential merit of a specific claim therein.  The petition in that case contains 27 grounds and is 92 pages long.  See #54, Exhibit A.  Courts appoint post-conviction counsel for any number of reasons.  Such an appointment does not signify, in and of itself, that a particular claim necessarily has potential merit.  Nothing in this Court's own review of the unexhausted claims reflects that the claims are of potential probable merit.  *See,e.g., Mabry v. Johnson*, 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984)(a defendant's acceptance of a plea agreement that has not yet been accepted by the trial court does not create a constitutional right to have the bargain specifically enforced, with the Supreme Court not following the detrimental reliance analysis that the district court instead applied).

[8] *Cf. King, supra* (discussing alternatives).

-6-

at 2. However, the Court also previously has expressed its strong disfavor of petitioner's piecemeal election of remedies in this regard, particularly in this older case. See #47, at 4. The Court further has been – abundantly – clear as to the need to move this nearly four-year old case to a prompt resolution.

Petitioner will be given one – and one only – additional opportunity to make an election as to the relief to be requested as to the unexhausted claims. If petitioner makes a request or requests for relief without presenting a viable alternative request for relief, and the request or requests presented are denied, the Court then will proceed with the default rule under the controlling law – dismissal of the mixed petition. This proviso applies fully to any request for relief packaged together with another request.[9] If the Court denies the packaged requests as presented, it then will proceed to either the next discrete alternative requested or, in the absence of same, to dismissal of the entire petition. In other words, if petitioner still wishes for the Court to consider a request included within packaged requests standing alone if the requests are denied as packaged, petitioner needs to request this explicitly.

Further, if petitioner again presents a declaration by petitioner that contemplates a different procedure than the procedure or procedures requested in the motion, the Court then will proceed with the default rule under the controlling law – dismissal of the mixed petition.

The Court will not repeat these admonitions again prior to entry of a final judgment of dismissal.[10]

IT THEREFORE IS ORDERED that the motion (#54) for a stay is DENIED.

IT FURTHER IS ORDERED that petitioner shall have **fourteen (14) days** from the date of entry of this order to file a motion either for dismissal without prejudice of the entire petition, for partial dismissal only of the unexhausted claims, and/or for other appropriate relief. The

---

[9] Petitioner in particular should not assume that a request for relief packaged with a request for an anticipatory ruling on another issue – such as tolling, relation back, exhaustion, and/or procedural default – necessarily will be granted.

[10] Petitioner does not have a constitutional right to counsel in this proceeding. Accordingly, petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation. *Cf. Coleman v. Thompson*, 501 U.S. 722, 754, 111 S.Ct. 2546, 2567, 115 L.Ed.2d 640 (1991).

motion must be accompanied, **by the same deadline**, by a signed declaration by petitioner under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested from the Court. The entire petition will be dismissed without prejudice for lack of complete exhaustion without further advance notice if petitioner does not contemporaneously file **both** a timely motion **and** a declaration.

IT FURTHER IS ORDERED that the Court will not entertain any more serial, piecemeal requests for relief with regard to the unexhausted claims. In the motion filed in response to this order, petitioner must present all alternative requests for relief sought in the event that the Court denies the relief requested. **If the Court is not presented with a viable alternative request for relief and it denies the request(s) made, the Court then simply will dismiss the entire petition as a mixed petition without further advance notice. Further, if petitioner again presents a declaration by petitioner that contemplates a different procedure than the procedure or procedures requested in the motion, the Court then simply will dismiss the entire petition as a mixed petition without further advance notice.**

IT FURTHER IS ORDERED that respondents may file a response to any such motion within **seven (7) calendar days** of the **filing** date of the motion.

IT FURTHER IS ORDERED that petitioner may file a reply within **seven (7) calendar days** of the **filing** date of the response.

**Requests for extension of time will not be entertained absent the most compelling of circumstances. The other provisos in the Court's prior order (#58) as to requests for extension of time continue to govern these proceedings.**

DATED: August 15, 2011.

_____
ROGER L. HUNT
United States District Judge

-8-